■ In the Matter of KEITH BUDD, Appellant-Respondent, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents-Appellants. [788 NYS2d 114]—

Order and judgment (one paper), Supreme Court, New York County (Faviola A. Soto, J.), entered October 20, 2003, denying the petition brought pursuant to CPLR article 78 seeking to annul respondent Police Commissioner's termination of petitioner's employment without a hearing, but remanding the matter to respondent Police Department for a name-clearing hearing, unanimously affirmed, without costs.

Probationary employment can be terminated without a hearing, absent a showing that the termination is in bad faith or for an impermissible reason (*Matter of Swinton v Safir*, 93 NY2d 758 [1999]). Petitioner failed to raise a triable issue of fact as to his probationary status at the time of his termination. The unrefuted evidence reveals that the period of time at issue, during which petitioner was concededly absent from duty, was charged to his annual leave, not lost time, and thus extended his probationary period (Personnel Rules & Regs of City of New York [55 RCNY] Appendix A, ¶ 5.2.8 [b]). He was, however, entitled to a name-clearing hearing (*Matter of Swinton v Safir, supra*), especially in light of the fact—contrary to respondents' position—that he did not admit the essential findings contained in his record. Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.